UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BRUCE FLUCKES,

    Plaintiff,                                  Civil Action No. 16-CV-13636

vs.                                            HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND REMANDING FOR FURTHER PROCEEDINGS**

This matter is presently before the Court on cross motions for summary judgment [docket entries 13 and 14]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant plaintiff's motion, deny defendant's motion, and remand the case for further proceedings.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying his application for Supplemental Security Income ("SSI") benefits. An Administrative Law Judge ("ALJ") held a hearing in November 2015 (Tr. 29-57) and issued a decision denying benefits in December 2015 (Tr. 13-24). This became defendant's final decision in September 2016 when the Appeals Council denied plaintiff's request for review (Tr. 1-3).

Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence. As the Sixth Circuit has explained, the Court

> must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *White*, 572 F.3d at 281 (citing 42 U.S.C. § 405(g)); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th

> Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks omitted); see also *Kyle*, 609 F.3d at 854 (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal citations and quotation marks omitted).

*Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 640-41 (6th Cir. 2013).

Plaintiff was 47 years old at the time of the ALJ's decision (Tr. 32). He has an eleventh grade education and work experience as a house builder (Tr. 32, 50). Plaintiff claims he has been disabled since October 2011[1] due to depression, back pain, diabetes, high blood pressure, neuropathy, a learning disability, a personality disorder, and anxiety attacks (Tr. 33-47, 218).

The ALJ found that plaintiff's severe impairments are "chronic back pain; borderline intellectual functioning; anti-social personality disorder; major depressive disorder; diabetes, alcohol, cannabis and cocaine abuse in remission[;] and obstructive sleep apnea" (Tr. 18-19). The ALJ further found that despite these impairments plaintiff has the residual functional capacity

---

[1] Plaintiff filed a previous application for SSI benefits, which an ALJ denied in August 2012 (Tr. 107-19). As noted above, the instant application was denied in December 2015. Therefore, the period of time under consideration in the instant case is the 3-1/2 year period from August 2012 to December 2015, and the Court shall restrict its review of the record to this time frame.

("RFC") to perform a limited range of light work.[2] A vocational expert ("VE") testified in response to a hypothetical question that a person of plaintiff's age, education, and work experience, and who has this RFC, could perform certain unskilled, light-level assembly and packaging jobs (Tr. 51-52). The ALJ cited this testimony as evidence that work exists in significant numbers that plaintiff could perform and concluded that plaintiff is not disabled (Tr. 23-24).

Having reviewed the administrative record and the parties' briefs, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence because his RFC evaluation of plaintiff is flawed. Since the hypothetical question incorporated this flawed RFC evaluation, it failed to describe plaintiff in all relevant respects and the VE's testimony given in response thereto cannot be used to carry defendant's burden to prove the existence of a significant number of jobs plaintiff is capable of performing.

The ALJ's RFC assessment of plaintiff is flawed for five reasons. First, the ALJ failed to consider the side effects of plaintiff's medications. Plaintiff testified that his pain

---

[2] Specifically, the ALJ found that plaintiff has the RFC

> to perform light work as defined in 20 CFR 416.967(b) except limited to occasional climbing of stairs and ramps, no climbing of ropes, ladders or scaffolds, occasional balancing, stooping, kneeling, crouching and crawling, frequent handling bilaterally, avoid concentrated exposure to unprotected heights and moving machinery, limited to simple, routine and repetitive tasks in a low stress environment meaning no quick decision making or judgments to do, no production rate work, no interaction with public, occasional interaction with coworkers, alternate between sitting/standing every 30 minutes, use of cane for ambulation, and supervision simply to check on him once or twice a day.

(Tr. 20.) Section 416.967(b) defines light work as "involv[ing] lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requir[ing] a good deal of walking or standing."

medications made him drowsy (Tr. 33-34, 45) and that he feels "sluggish and weak" from his diabetes or his diabetes medications (Tr. 46). Plaintiff indicated that he naps for several hours during the day because he sleeps poorly at night and "my medications . . . makes me drowsy" (Tr. 45). Plaintiff also testified that for some period of time he was taking Sinequan, which gave him nightmares (Tr. 36). The record indicates that he has been prescribed a large number of medications, including Benadryl, Cymbalta, Elavil, Gabapentin, Hydrocodone, Lantus Solostar, Losartan potassium, Novolog, Pravastatin, Abilify, Duloxetine, Hydrochlorothiazide, Omeprazole, Amlodipine, Tramadol, Sinequan, Advair, Tudorza, Amitriptyline, Risperdal, Glucophage, Neurontin, Prilosec, Seroquel, Simvastatin, Docusate, Insulin, Senna, Flonase, Albuterol, Prilosec, Doxepin, Trazodone, and Norco (Tr. 221, 253, 279, 281, 471-72, 476-77, 479-80, 482-83, 485-86, 498-99, 522-23, 569-70, 583-85, 595-96, 616-17, 678-80, 731, 752, 768, 771, 787-88, 812, 816-18, 821, 835-36, 849-50, 859-61, 886-87, 905-06, 921-22, 942, 965), many of which have known side effects.

The ALJ clearly erred in failing to make any findings regarding this issue. The Sixth Circuit has held that the ALJ must evaluate "[t]he type, dosage, effectiveness, and side effects of any medication" as part of the process of determining the extent to which side effects impair a claimant's capacity to work. *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 532 (6th Cir. 2014) (quoting 20 C.F.R. § 416.929(c)(3)(i)-(vi)). Further, hypothetical questions to vocational experts must account for medication side effects. *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789-90 (6th Cir. 2009). On remand, the ALJ must determine which medications plaintiff was taking during the relevant time period; make findings as to the nature and extent of these medications' side effects, if any; adjust his findings as appropriate regarding plaintiff's RFC; and incorporate these findings

4

in proper hypothetical questions to the VE.

Second, the RFC evaluation is flawed, and remand is required, because the ALJ neglected to make required findings concerning the effect, if any, of plaintiff's obesity on his other impairments. Plaintiff testified that he is 5'-7-1/2" tall and weighs 227 pounds (Tr. 40), which yields a body-mass index ("BMI") of 35.[3] *See* https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmicalc.htm. A medical record from May 2015 indicates plaintiff is 5'-8" tall and weighed 220 pounds, yielding a body-mass index ("BMI") of 33.46 (Tr. 1011). Medical reports in August 2015 and October 2015 indicate a BMI of 36.2 and 34, respectively (Tr. 770, 782). Under SSR 02-1p, an adult with a BMI of 30 or above is deemed to be obese, and an ALJ must consider a disability claimant's obesity at all steps of the sequential process. Further,

> [o]besity is a medically determinable impairment that is often associated with disturbance of the musculoskeletal system, and disturbance of this system can be a major cause of disability in individuals with obesity. The combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity, adjudicators *must consider* any additional and cumulative effects of obesity.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00Q (emphasis added).

In the present case, there is no indication that the ALJ gave any consideration to plaintiff's obesity. At the hearing, the ALJ did not ask plaintiff if or how his weight affects his other impairments or his ability to work, and in his written decision the ALJ did not mention plaintiff's

---

[3] Under defendant's regulations, *See* SSR 02-1p.

obesity at all. On remand, the ALJ must make specific findings as to the effect, if any, of plaintiff's obesity on his other impairments (particularly the degenerative disc disease in his lower back, his diabetes, and his neuropathy) and on his ability to sit, stand, walk, or concentrate. The ALJ must include any such findings in reevaluating plaintiff's RFC and, as appropriate, in framing revised hypothetical question(s) to the VE.

Third, the RFC evaluation is flawed, and remand is required, because the ALJ failed to explain adequately why he rejected plaintiff's hearing testimony. Plaintiff testified that he experiences significant medication side effects; that he has diabetic neuropathy in his legs, feet, and hands; that he experiences anxiety attacks three or four times per week; that he can lift and carry five pounds; and that he can sit for 20 minutes, stand for five to ten minutes, and walk one block (Tr. 34-42, 45). Any portion of this testimony, if believed, would significantly affect plaintiff's ability to work and would therefore need to be incorporated in his RFC evaluation.

While "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, . . . [n]evertheless, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). In the present case, the ALJ rejected plaintiff's testimony for the following reasons:

> In terms of the claimant's alleged impairments and related symptoms, the medical evidence fails to support his allegations. For instance, the claimant testified that he has daily anxiety attacks because he is unable to do certain things; yet, he lives alone and is able to care for his personal needs and do household chores. He also testified that he has difficulty sleeping at night and only sleeps for about three to four hours at night, but also stated that his medications make him sleepy. The claimant stated that he has trouble going up and down stairs; yet, [he] lives on the third floor of an apartment building and has to take the stairs up and down. The inconsistent statements and lack of supporting evidence undermines the credibility of the claimant's statements and allegations.

6

(Tr. 22.) There is, in fact, no inconsistency in the statements the ALJ found to be inconsistent. The fact that plaintiff lives alone and can take care of his personal needs and household chores is not inconsistent with his testimony that he experiences anxiety attacks lasting "a couple hours" three to four times per week (Tr. 37-38). Nor is there any necessary inconsistency between plaintiff's testimony that his medications cause drowsiness and that he does not sleep well at night. The ALJ included "obstructive sleep apnea" among plaintiff's severe impairments (Tr. 19), which certainly could explain his inability to sleep well at night despite experiencing medication-induced drowsiness during the day. Nor is it apparent why the ALJ found inconsistency between plaintiff's claimed difficulty climbing stairs and the fact that he must climb stairs to get to his third-floor apartment, particularly given the ALJ's finding that plaintiff is "limited to occasional climbing of stairs" (Tr. 20).

In short, the ALJ's explanation for discounting plaintiff's testimony is inadequate. To the extent the ALJ discounted plaintiff's credibility due to a "lack of supporting evidence," he must specifically state which aspects of plaintiff's testimony he rejects or discounts on this basis. On remand, the ALJ must reassess plaintiff's credibility and provide an adequate, logical, record-based explanation to the extent he rejects plaintiff's testimony.

Fourth, the RFC evaluation in this matter is flawed, and remand is required, because the ALJ failed to make findings regarding the extent to which plaintiff's ability to stand and walk is diminished by his diabetic neuropathy. The ALJ acknowledged that plaintiff "suffers from diabetes mellitus with neuropathy, which causes numbness and tingling in his lower extremities, especially in his feet" (Tr. 21). The ALJ then asserted that "[t]he record also noted significant improvement with numbing and tingling in his feet," but he did not support this statement with a

7

record citation. Podiatrists who treated plaintiff in November 2014, January 2015, and September 2015 diagnosed diabetes mellitus with neuropathy and noted plaintiff's complaint that "the numbness and tingling in this bilateral feet continues to be present and is only moderately well controlled with his gabapentin" (Tr. 1067); that "[s]ensation is diminished to light touch in all nerve distributions to the bilateral lower extremities" (Tr. 1068, 1071); and that plaintiff "states that he has burning and tingling pain in his feet" (Tr. 1073). On remand, the ALJ must consider this evidence and any other evidence bearing on this impairment (including plaintiff's testimony, to the extent the ALJ accepts it), make findings as to this impairment's effect on plaintiff's ability to stand and walk, and revise his RFC evaluation and his hypothetical question(s) to the VE accordingly.

Fifth, the RFC evaluation is flawed, and remand is required, because the ALJ failed to explain adequately why he gave "little weight" (Tr. 22) to the opinion of Dr. M. Patel, plaintiff's primary care physician. In November 2015, Dr. Patel completed a questionnaire in which he opined that plaintiff can lift or carry five pounds; that he is limited to sedentary work; that he can stand and walk for a total of two hours during an eight-hour day; and that he likely would be absent from work about two days per month due to his impairments or treatment (Tr. 1076-78). The ALJ gave these opinions "little weight" for the following reasons:

> Additionally, M. Patel, M.D., completed a medical source statement limiting the claimant [to] work at the sedentary level. However, his own treatment notes do not support the limitations opined by Dr. Patel. More specifically, the doctor never indicated any limitations or restrictions in his treatment notes. Furthermore, the claimant has had relatively little treatment besides pain medications and some physical therapy. The lack of supporting evidence lends little credibility to Dr. Patel's opinions, and therefore is [sic] given little weight.

(Tr. 22.)

8

This statement of reasons does not comport with the treating physician rule, which requires the ALJ to

> give controlling weight to a treating physician's opinion as to the nature and severity of the claimant's condition as long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2) (language moved to 20 C.F.R. § 404.1527(c)(2) on March 26, 2012). The premise of the rule is that treating physicians have the best detailed and longitudinal perspective on a claimant's condition and impairments and this perspective "cannot be obtained from objective medical findings alone." 20 C.F.R. § 416.927(d)(2) (language moved to 20 C.F.R. § 416.927(c)(2) on March 26, 2012). Even when not controlling, however, the ALJ must consider certain factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Rogers*, 486 F.3d at 242. In all cases, the treating physician's opinion is entitled to great deference even if not controlling. *Id.* The failure to comply with the agency's rules warrants a remand unless it is harmless error. *See Wilson*, 378 F.3d at 545–46.

*Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014). First, the fact that Dr. Patel "never indicated any limitations or restrictions in his treatment notes" does not warrant rejecting the opinions he expressed on the questionnaire, as one would not necessarily expect "limitations or restrictions" to appear in treatment notes. Second, the fact that "the claimant has had relatively little treatment besides pain medications and some physical therapy" may be a basis for giving plaintiff's testimony reduced weight, but it does not logically support the ALJ's decision to cast aside the physician's opinion. Third, it is not apparent that the ALJ, in weighing Dr. Patel's opinions, considered any of the factors required by the treating physician rule, namely, "the length, frequency, nature, and extent of the treatment relationship; the supportability of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Id.* On remand, the ALJ must

9

reassess Dr. Patel's opinions in compliance with the treating physician rule and, as necessary, revise plaintiff's RFC evaluation and the hypothetical question(s) to the VE. In particular, the ALJ must explain why he rejects Dr. Patel's opinion that plaintiff is limited to sedentary work due to his back pain, leg pain, and his need to use a cane.

For these reasons, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence. Remanding the matter for an award of benefits would not be appropriate at this time because the record, in its current state, is not such that "proof of disability is overwhelming or . . . proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Rather, the matter must be remanded so that the record may be further developed to correct the errors noted above. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted and this matter is remanded for further proceedings as specified above. This is a sentence four remand under § 405(g).

Dated: May 26, 2017
     Detroit, Michigan

s/ Bernard A. Friedman\_\_\_\_\_
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE